**E-FILED**
Thursday, 09 February, 2006 01:01:08 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

Leo Guider

_____

**Plaintiff/Petitioner(s),**

-vs-

JAmes E. TuSeK

_____

_____

**Defendant/Respondent(s).**

Case No. 06-15-DRH

**(To be supplied by the Clerk)**

**FILED**

JAN 09 2006

**CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE**

## MOTION AND AFFIDAVIT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, Leo Guider, being first duly sworn, depose and say that I am the plaintiff/petitioner in the above entitled cause; that in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor, and that I believe I am entitled to relief.

The nature of the action is:    (✓) Civil Rights  ( ) Habeas Corpus  ( ) Appeal

1.  Are you presently employed?    Yes ( )    No (✓)

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and
        address of your employer.

        _____
        _____

    b.  If the answer is "no", state the date of last employment and the amount of salary or wages per month
        which you received.
        
        12-18-04        400⁰⁰

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession or form of self-employment?    Yes ( )   No (✓)
    b.  Rent payments, interest or dividends?                Yes ( )   No (✓)
    c.  Pensions, annuities or life insurance payments?      Yes ( )   No (✓)
    d.  Gifts or inheritances?                               Yes ( )   No (✓)
    e.  Any other sources?                                   Yes ( )   No (✓)

Rev. 2/00



If the answer to any of the above is "yes", describe each source of money and state the amount received during the past twelve months.

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?   Yes ( )  No (✓)
(include any funds in prison accounts). If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)? Yes ( ) No (✓) If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

## PRIOR LITIGATION

You may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 if you have "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted" unless you are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Have you ever filed any other lawsuits in any federal court during this or any other period of incarceration?
Yes ( )   No (✓)

If yes, please provide the following section about your prior cases. If necessary, you may attach additional pages to this form to provide all the required information about each of your prior cases. Failure to provide complete, accurate information about all your prior litigation may result in denial of your request to proceed *in forma pauperis.*

1. Case name:_____    Case Number:_____

   Court:_____    Date filed:_____

   Claims raised:_____

   _____

   Result:_____

2.  Case name:_____    Case Number:_____

    Court:_____    Date filed:_____

    Claims raised:_____

    _____

    Result:_____


3.  Case name:_____    Case Number:_____

    Court:_____    Date filed:_____

    Claims raised:_____

    _____

    Result:_____


## DECLARATION UNDER PENALTY OF PERJURY

I declare (or certify, verify or state) under penalty of perjury, that I am the plaintiff/petitioner in the above action, that I have read the foregoing Motion and Affidavit and that the information contained therein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621. I authorize the agency having custody of my person to withdraw funds from my prison trust account and forward payments to the Clerk of Court, in accord with 28 U.S.C. § 1915.

12-27-2005
_____        _____
Date                 Signature of Plaintiff/Petitioner

Rev. 2/00

- 3 -



As indicated in paragraph three of my motion for appointment of counsel (see reverse), I am currently, or previously have been, represented by an attorney appointed by this Court in the following civil or criminal action(s):

| Case Number: | Judge: | Check here if case is pending: ☐ |
|---|---|---|
| Case Style | | |
| Name of Appointed Counsel | | |

| Case Number: | Judge: | Check here if case is pending: ☐ |
|---|---|---|
| Case Style | | |
| Name of Appointed Counsel | | |

| Case Number: | Judge: | Check here if case is pending: ☐ |
|---|---|---|
| Case Style | | |
| Name of Appointed Counsel | | |

| Case Number: | Judge: | Check here if case is pending: ☐ |
|---|---|---|
| Case Style | | |
| Name of Appointed Counsel | | |

| Case Number: | Judge: | Check here if case is pending: ☐ |
|---|---|---|
| Case Style | | |
| Name of Appointed Counsel | | |

(Attach additional pages, in this format, as necessary).

## CERTIFICATE

**THIS SECTION FOR COMPLETION BY THE PLAINTIFF/PETITIONER**

Name of Plaintiff/Petitioner: Leo Guider

Institution where confined: McLean County Jail

Register number: 130 145 7/8

---

**THIS SECTION IS FOR COMPLETION BY AN <u>AUTHORIZED OFFICER</u>
OF THE ABOVE-NAMED INSTITUTION ONLY**

Instructions: The plaintiff/petitioner may <u>not</u> write below this line. Please complete the following certificate for the plaintiff/petitioner named and described above.

## PURSUANT TO 28 U.S.C. § 1915(a)(2),
## PLEASE ATTACH A CERTIFIED PRINT-OUT OF
## ALL TRANSACTIONS FOR THIS PERSON'S ACCOUNT
## FOR THE PAST SIX MONTHS.

I hereby certify that ___Leo GuideR___ currently has the sum
(Name of plaintiff/petitioner)

$___0.00___ on account to his credit at ___McLeAN CouNTY JAiL___
(Institution where confined)

DATED: 01/04/06          ___Thomas J Ohlen___
Signature of Authorized Officer of the above Institution

Rev. 2/00

- 4 -

**MCLEAN COUNTY**

**INMATE TRUST TRANSACTION REPORT (BOOKING NUMBER)**

Booking Number: 130145718   Name: GUIDER, LEO J

| Transaction Date | Transaction Type | Transaction Amount | Negotiable Instrument | Officer | Adjustment Code |
|---|---|---|---|---|---|
| 01/03/06 | INDIGENT BAG | $0.07 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 12/27/05 | COMMISSARY PURCHASE | $4.3 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 12/21/05 | COMMISSARY REFUND | $1.25 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 12/19/05 | COMMISSARY PURCHASE | $21.88 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 12/12/05 | DEPOSIT | $25 | Check/Money Order | CRUZ, CAROL | |
| 12/12/05 | FREE POSTAGE | $0.01 | No charge (indigent) | SIMPSON, HENRY | |
| 12/12/05 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | POSHARD, BETTY | |
| 12/07/05 | FREE POSTAGE | $0.01 | No charge (indigent) | MAAKS, CATHY | |
| 12/05/05 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | MAAKS, RONNIE | |
| 12/01/05 | FREE POSTAGE | $0.01 | No charge (indigent) | MAAKS, CATHY | |
| 11/28/05 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | MAAKS, RONNIE | |
| 11/21/05 | INDIGENT BAG | $0.28 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 11/14/05 | COMMISSARY PURCHASE | $5.4 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 11/08/05 | COMMISSARY REFUND | $3.9 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 11/07/05 | COMMISSARY PURCHASE | $38.22 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 11/04/05 | DEPOSIT | $40 | Check/Money Order | CRUZ, CAROL | |
| 11/02/05 | FREE POSTAGE | $0.01 | No charge (indigent) | MAAKS, CATHY | |
| 10/31/05 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | POSHARD, BETTY | |
| 10/27/05 | FREE POSTAGE | $0.01 | No charge (indigent) | MAAKS, CATHY | |
| 10/26/05 | FREE POSTAGE | $0.01 | No charge (indigent) | POSHARD, BETTY | |
| 10/24/05 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | POSHARD, BETTY | |
| 10/17/05 | COMMISSARY PURCHASE | $0.48 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 10/10/05 | COMMISSARY PURCHASE | $24.72 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 10/03/05 | DEPOSIT | $25 | Cash | CRUZ, CAROL | |
| 10/03/05 | COMMISSARY PURCHASE | $5.05 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 09/26/05 | COMMISSARY PURCHASE | $19.85 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 09/19/05 | COMMISSARY PURCHASE | $75.4 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 09/17/05 | DEPOSIT | $100 | Cash | MATTHEWS, MARY | |
| 09/17/05 | DEPOSIT | -$100 | Cash | MATTHEWS, MARY | DATA ENTRY ERROR |
| 09/17/05 | DEPOSIT | $100 | Cash | MATTHEWS, MARY | DATA ENTRY ERROR |

# MCLEAN COUNTY
## INMATE TRUST TRANSACTION REPORT (BOOKING NUMBER)

**Booking Number:** 130145718

**Name:** GUIDER, LEO J

| Transaction Date | Transaction Type | Transaction Amount | Negotiable Instrument | Officer | Adjustment Code |
|---|---|---|---|---|---|
| 09/06/05 | COMMISSARY PURCHASE | $8.65 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 08/31/05 | COMMISSARY REFUND | $7.8 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 08/29/05 | COMMISSARY PURCHASE | $39.8 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 08/22/05 | DEPOSIT | $40 | Check/Money Order | CRUZ, CAROL | |
| 08/15/05 | COMMISSARY PURCHASE | $29.45 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 08/08/05 | DEPOSIT | $30 | Check/Money Order | CRUZ, CAROL | |
| 04/25/05 | COMMISSARY PURCHASE | $29.4 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 04/23/05 | DEPOSIT | $30 | Cash | MATTHEWS, MARY | |
| 04/18/05 | FREE INDIGENT BAG | $0.01 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 04/12/05 | FREE POSTAGE | $0.01 | No charge (indigent) | MAAKS, CATHY | |
| 04/11/05 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | MAAKS, RONNIE | |
| 04/05/05 | FREE POSTAGE | $0.01 | No charge (indigent) | SIMPSON, HENRY | |
| 04/05/05 | FREE INDIGENT BAG | $0.01 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 04/05/05 | FREE POSTAGE | $0.01 | No charge (indigent) | SIMPSON, HENRY | |
| 04/01/05 | FREE POSTAGE | $0.01 | No charge (indigent) | SIMPSON, HENRY | |
| 03/31/05 | FREE POSTAGE | $0.01 | No charge (indigent) | SIMPSON, HENRY | |
| 03/28/05 | FREE POSTAGE | $0.01 | No charge (indigent) | REED, BRADLEY | |
| 03/28/05 | INDIGENT BAG | $0.11 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 03/28/05 | FREE POSTAGE | $0.01 | No charge (indigent) | REED, BRADLEY | |
| 03/21/05 | COMMISSARY PURCHASE | $1.04 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 03/14/05 | COMMISSARY PURCHASE | $29.25 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 03/12/05 | DEPOSIT | $30 | Cash | MATTHEWS, MARY | |
| 02/21/05 | COMMISSARY PURCHASE | $51.91 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 02/12/05 | DEPOSIT | $50 | Cash | CRUZ, CAROL | |
| 02/07/05 | COMMISSARY PURCHASE | $23.3 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 01/31/05 | COMMISSARY PURCHASE | $75.17 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 01/29/05 | DEPOSIT | $100 | Cash | MATTHEWS, MARY | |
| 01/24/05 | COMMISSARY PURCHASE | $10.3 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 01/17/05 | COMMISSARY PURCHASE | $41.69 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 01/10/05 | COMMISSARY PURCHASE | $41.25 | Transfer/Debit/Credit | MAAKS, RONNIE | |

# MCLEAN COUNTY
## INMATE TRUST TRANSACTION REPORT (BOOKING NUMBER)

**Booking Number:** 13014S718          **Name:** GUIDER, LEO J

| Transaction Date | Transaction Type | Transaction Amount | Negotiable Instrument | Officer | Adjustment Code |
|---|---|---|---|---|---|
| 01/08/05 | DEPOSIT | $64 | Check/Money Order | MATTHEWS, MARY | |
| 01/03/05 | COMMISSARY PURCHASE | $38.4 | Transfer/Debit/Credit | MAAKS, RONNIE | |
| 01/01/05 | DEPOSIT | $50 | Cash | MATTHEWS, MARY | |
| 12/27/04 | FREE POSTAGE | $0.01 | No charge (indigent) | REED, BRADLEY | |
| 12/27/04 | COMMISSARY PURCHASE | $31.58 | Transfer/Debit/Credit | POSHARD, BETTY | |
| 12/25/04 | DEPOSIT | $50 | Cash | MATTHEWS, MARY | |
| 12/22/04 | FREE INDIGENT BAG | $0.01 | No charge (indigent) | MORGAN, BRENDA | |

**Trust Balance:**          $0

E-FILED
Thursday, 09 February, 2006  01:01:26 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

06-1024

Leo Guider _____ )
_____ )  Docket No. **06 - 15 - DRH**
_____ )  (To be supplied by the Clerk)
_____ )
          **Plaintiff/Petitioner(s),** )
_____ )
        -vs- )
James E. Tusek _____ )
_____ )
_____ )
_____ )
_____ )
          **Defendant/Respondent(s).** )

**FILED**

☐ **CIVIL RIGHTS COMPLAINT**
  pursuant to 42 U.S.C. §1983 JAN 0 9 2006
  (State Prisoner)

  CLERK, U.S. DISTRICT COURT
☐ **CIVIL RIGHTS COMPLAINT** SOUTHERN DISTRICT OF ILLINOIS
  pursuant to 28 U.S.C. §1331 EAST ST. LOUIS OFFICE
  (Federal Prisoner)

✓ **CIVIL COMPLAINT**
  pursuant to the Federal Tort Claims
  Act, 28 U.S.C. §1346, 2671-2680

## I. JURISDICTION

A.    Plaintiff's mailing address and/or register number and present place of confinement.

104 W. Front St Bloomington Il. 61701 McLean Co.
Jail

B.    Defendant James E. Tusek _____ is employed as
        (Name of First Defendant)
Public Defender of McLean County
            (Position/Title)

with James E. Tusek 104 w Front Blm Il 61701
            (Employer's Name and Address)

_____

At the time the claim(s) alleged in this complaint arose, was the defendant employed by the
state, local or federal government?
              Yes (✓)        No ( )

If your answer is "yes", briefly explain:

_____
_____

Rev. 2/00



C.   Defendant _____ is employed as

                                      (Name of Second Defendant)

    _____

                                          (Position/Title)

    with _____

                                (Employer's Name and Address)

    _____

    At the time the claim(s) alleged in this complaint arose, was the defendant employed by the state, local or federal government?

                Yes ( )        No (✓)

    If your answer is "yes", briefly explain:

    _____

    _____

    _____

D.   Using the outline of the form provided, include the above information for any additional defendant(s).

    _____

    _____

    _____

    _____

    _____

    _____

    _____

## II.   PREVIOUS LAWSUITS

A.   Have you begun any other lawsuits in state or federal court relating to your imprisonment?

                Yes ( )        No (✓)

B.   If your answer to "A" is "yes", describe the lawsuit(s) in the space below. (If there is more than one (1) lawsuit, you must describe the additional lawsuits on another sheet of paper, using the same outline.) **Failure to comply with this provision may result in summary denial of your complaint.**

    _____

    _____

    _____

    _____

    _____

1. Parties to previous lawsuits:
Plaintiff(s) _____
_____

Defendant(s) _____
_____
_____

2. Court (if Federal Court, name the District; if State Court, name the County)
_____

3. Docket number _____

4. Name of Judge to whom case was assigned _____

5. Type of case (for example: Was it a Habeas Corpus or Civil Rights action?)
_____

6. Disposition of case (for example: Was the case dismissed? Was it appealed? Is it still pending?)
_____

7. Approximate date of filing lawsuit _____

8. Approximate date of disposition _____

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? _____

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( ) No ( )

C. If your answer is "yes",
1. What steps did you take? _____
_____
_____

2. What was the result? _____
_____
_____

D. If your answer is "no", explain why not. _____
_____
_____
_____

Rev. 2/00



E.  If there is no prisoner grievance procedure in the institution, did you complaint to prison authorities? Yes ( )   No (✓)

F.  If your answer is "yes",
    1.  What steps did you take? _____
        _____
        _____

    2.  What was the result? _____
        _____
        _____

G.  If your answer is "no", explain why not. ) am filing this
    against my Public Defender
    _____
    _____

H.  Attach copies of your request for an administrative remedy and the response(s) you received. If you cannot do so, explain why not:
    _____
    _____
    _____

## IV.   STATEMENT OF CLAIM

State here, as briefly as possible, the FACTS of your case. State who, what, when, where and how you feel your constitutional rights were violated. Do not cite cases or statutes. If you choose to submit legal arguments or citations, you must do so in a separate memorandum of law. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. If your claims relate to prison disciplinary proceedings, **attach copies of the disciplinary charges and any disciplinary hearing summary as exhibits.**

**Only two (2) extra pages (8½ x 11") are permitted, if necessary, to complete your statement of claim.** Additionally, attach any relevant, supporting documentation.

On Sept 17, 2005 and Oct 29, 2005 I
were reading the Pentagraph Newspaper
and came across the headline read "Murder
Suspect Negotiating Life In Prison Deal and
Guider would plead guilty to murdering the
two victims (Lorraine Fields and Lakeish Tyus.
     I (Leo Guider) never mention that
I would negotiate any deal nor have I stated
that I would plead guilty to anything.
     I feel that it was unethical and
unprofessional for my Attorney (James E. Tusek)
to make false statements to the press stating

thing that are Not TRue and to slander
my name in the process.

Respectfully Submitted

Leo Luider

Rev. 2/00

## V.    REQUEST FOR RELIEF

State exactly what you want the Court to do for you. If you are a state or federal prisoner, and seek relief which affects the fact or duration of your imprisonment (for example: illegal detention, restoration of good time, expungement of records or parole release), you must file your claim on a Habeas Corpus form, pursuant to 28 U.S.C. §2254, 28 U.S.C. §2255, or 28 U.S.C. §2241.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## VI.    JURY DEMAND *(check one box below)*

The plaintiff does ☐    does not ☐    request a trial by jury. *(See Fed.R.Civ.P. 38.)*

### DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I, the undersigned, certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

The plaintiff hereby requests the Court issue all appropriate service and/or notices to the defendant(s).

Signed this ____ day of _____, 20____.

_____
Signature of Plaintiff

_____
Signature of attorney, if any

Rev. 2/00

- 6 -

06-cv-01024-HAB-JAG

## LOCAL

# Murder suspect negotiating life-in-prison

**By Brett Nauman**
bnauman@pantagraph.com

BLOOMINGTON — A Bloomington man accused of murdering two women may be willing to spend the rest of his life in prison to avoid a death sentence, his defense attorney said Friday.

Assistant Public Defender Jim Tusek said he's been in talks with McLean County State's Attorney Bill Yoder about a deal that would allow Leo Guider to plead guilty to the murders if prosecutors agree not to seek the death penalty.

Such an agreement, Tusek said, means Guider would be sentenced to life in prison without the possibility of parole for last year's stabbing deaths of Normal residents Lorraine Fields, 41, and La Keisha Tyus, 26.

"I don't know whether it's going to be worked out or not," Tusek said of a possible deal. "I'm not really sure Bill knows what he wants to do. We've talked about different things at times, and I'm not sure he's committed one way or the other. We're still exploring the possibilities."

**Leo Guider**

case Friday.

He was supposed to disclose whether he'd seek the death penalty during a hearing, but Tusek was granted a continuance on the case. That move gives Yoder a new deadline of Oct. 28 to make his decision.

Prosecutors say Guider stabbed Fields and Tyus to death on Dec. 18 at his home in the 500 block of West Front Street. Their bodies were found the next day in a car in a nearby parking lot.

Guider is eligible for the death penalty because he's accused of killing multiple victims. Prosecutors typically consider a defendant's past criminal record and the level of violence involved in a crime in deciding whether to seek the death penalty.

Tusek said one factor that should make the life sentence proposition more attractive is that it would save county taxpayers "the fortune" that will be spent on Guider's defense during a costly trial.

Prosecutors also consider the wishes of the victims' families. Fields' mother, Betty Fields, who said she is a devout Christian, has told Yoder that she and her family do not want Guider executed as punishment for her daughter's death.

"Him getting the death penalty won't bring my daug said in a recent in rather have him leav mean meeting Guid ing that people hav forgiven him, and w that."

Fields said she has in jail and commu bers of his family. Fie been praying recent Yoder make the right spirituality to becom life.

"God is able," Field anything. He chang men."