## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**LEO GUIDER,**
     **Plaintiff,**

     vs.                                                                 06-1024

**JAMES E. TUSEK,**
     **Defendant.**

### ORDER

Leo Guider is currently detained at the McLean County Jail in Bloomington, Illinois. He has brought a complaint against James E. Tusek, public defender of McLean County.

### Standard

The court is required by 28 U.S.C. §1915A to screen the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).[1]

Pleading particular legal theories or particular facts is not required to state a claim. Fed. R. Civ. P. 8 (complaint need contain only a short, plain statement of the claim and the relief sought); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), *citing Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir.). The complaint need only give "a short and plaint statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant county Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)(citations and internal quotation marks omitted)(*cited by Dewalt*, 224 F.3d at 612; Fed. R. Civ. P. 8(a)(2).

The merit review standard is the same as a motion to dismiss standard. It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only

---

[1] Incarcerated plaintiffs are barred from proceeding in forma pauperis if they have "on 3 or more occasions, while incarcerated, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of physical injury." 28 U.S.C. Section 1915(g).

if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski*, 644 F.2d at 1207, *quoting Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

### Allegations

The plaintiff claims that on September 17, 2005 and October 29, 2005, he was reading the Pentagraph Newspaper and came across the headline which read "Murder suspect negotiating life in prison." The article also indicated that the plaintiff would plead guilty to murdering two victims, Lorraine Fields and Lakeis Tyus. The plaintiff says he never mentioned that he would negotiate any deal, nor did he ever state that he would plead guilty to anything. He feels that it was unethical and unprofessional for his attorney, James E. Tusek to make "false statements" to the press and to slander the plaintiff's name in the process. The plaintiff does not request any relief.

### Conclusion

The plaintiff''s complaint is dismissed pursuant to Fed R. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Public defenders cannot generally be sued under § 1983 because they are not considered "state actors" while "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981).

The Prison Litigation Reform Act requires that all prisoners bringing civil actions pay the full amount of the filing fee. 28 U.S.C.A. § 1915(b)(1). Therefore, although his case is dismissed, the plaintiff is still obligated to pay the $250.00 district court filing fee.

**It is therefore ordered:**

1. **The plaintiff's motion for leave to proceed *in forma pauperis* is granted, d/e 2.**
2. **The clerk of the court is directed to file the plaintiff's complaint, forthwith.**
3. **Pursuant to 28 U.S.C. §1915A and Fed. R. Civ. P. Rule 12(b)(6), the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted.**

4. **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**
5. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**Enter this 20th day of March 2006.**

                      s\\**Harold A. Baker**
             _____
                    **HAROLD A. BAKER**
             **UNITED STATES DISTRICT JUDGE**